UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DELANDO KENNEDY, | ) | |
| | ) | |
| Plaintiff, | ) | 20 C 948 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| MICHAEL LEWIS COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

  Delando Kennedy brought this *pro se* employment suit against Michael Lewis Company. Doc. 10. On June 26, 2020, the U.S. Marshals Service served summons and the complaint on Eric Simon, a member of Michael Lewis's senior leadership team, at the company's office. Doc. 19; Doc. 28 at ¶¶ 1, 4. Michael Lewis failed to appear within 21 days of service, and the court entered a Civil Rule 55(a) default on July 31. Doc. 22. In the same order, the court ordered Kennedy to file his Rule 55(b) motion for default judgment by August 20, and also ordered Michael Lewis either to file a written opposition to the Rule 55(b) motion by September 8 or to appear at the September 11 hearing. *Ibid*. The court's staff mailed a copy of the July 31 order to Michael Lewis at its proper address. *Ibid*.

  On August 19, Kennedy filed a letter that the court construed as a Rule 55(b) motion and denied without prejudice at the September 11 hearing. Doc. 30. Meanwhile, on September 8, Michael Lewis entered an appearance, Doc. 24, and filed a response to Kennedy's Rule 55(b) motion that also argued, under Rule 55(c), that the Rule 55(a) default should be vacated. Docs. 25, 28. The company conceded that it had been properly served, but explained that Simon "inadvertently failed to forward the papers to outside counsel and timely respond," Doc. 25 at

1

¶ 14, because he was "incredibly busy" and "preoccupied" with trying to save the business, which has been hard hit by the COVID-19 pandemic, Doc. 28 at ¶¶ 3-5.

Rule 55(c) permits the court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "To succeed in the vacation of a default order under Rule 55(c), the defendant must show (1) good cause for [its] default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint." *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 949 (7th Cir. 2020) (alteration in original) (internal quotation marks omitted); *see also Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014) ("An entry of default may be set aside before entry of judgment upon showing good cause for the defendant's inaction, prompt steps to correct the default, and an arguably meritorious defense to the lawsuit."). A defendant's failure to make any of those three showings warrants denial of a Rule 55(c) motion to vacate. *See Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 46 (7th Cir. 1994) ("Imperial failed to clear the first hurdle when it did not show good cause for its default. This would have been sufficient basis to refuse to vacate Imperial's default … . Imperial needed to meet all three requirements … ."). A district court addressing a motion to vacate an entry of default must keep in mind "the 'lenient standard' for applying Rule 55(c) and the 'policy of favoring trial on the merits over default judgment.'" *Parker*, 772 F.3d at 505 (quoting *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009)).

Michael Lewis did not take quick action to correct the default, and thus fails to satisfy the second requirement of the governing standard. The pertinent inquiry focuses on the time period between the defendant's receiving notice of the entry of default and the defendant's request to vacate the default. *See Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994) (explaining, in the analogous context of Rule 60(b) motions, that "the 'quick action' prong of the standard for

vacating default judgments must concern itself with the time elapsing between entry of judgment and the motion to vacate"); *see also Cracco*, 559 F.3d at 631 (noting that the Rule 55(c) and Rule 60(b) inquiries turn on the same standard, though it is "more liberally applied in the Rule 55(c) context") (internal quotation marks omitted).  Court staff mailed the default order to Michael Lewis on July 31 and Michael Lewis did not seek a Rule 55(c) vacatur until September 8, so the delay here was about five weeks.

       For a going concern like Michael Lewis, five weeks is too long to qualify as quick action.  *See Jones*, 39 F.3d at 165 (holding that there was no "quick action" where "more than a month elapsed while the defendant," who was incarcerated at the time, "was fully aware of the judgment against her and while she was quite capable of securing counsel to rectify the problem").  Perhaps the court would have reached a different result had Michael Lewis attempted to explain its five-week delay.  But it offered no explanation at all.  Michael Lewis and Simon attempt to justify only the failure to send the complaint to counsel after service in late June.  Doc. 25 at ¶¶ 14-17; Doc. 28 at ¶¶ 4-5.  But that at most shows good cause for the default itself—the first requirement of the three-prong standard—not quick action to correct the default.  *See Wells Fargo Equipment Finance, Inc. v. PMRC Servs., LLC*, 2011 WL 635861, at *2 (N.D. Ill. Feb. 11, 2011) (holding that the Rule 55(c) movant did not satisfy the "quick action" requirement where it "offer[ed] no explanation whatsoever for the delay from early July … until the middle of August"); *Thomas v. Exxon Mobil Oil Co.*, 2007 WL 2274710, at *3 (N.D. Ill. Aug. 1, 2007) ("[S]ince Thomas provides no explanation for his failure to move to set aside the default judgment, his six-week delay cannot be considered quick action.").

       In sum, there is no evidence that Michael Lewis failed to receive notice of the Rule 55(a) default after the court mailed it on July 31, and no explanation for its five-week delay in moving

3

to vacate the default. There accordingly is no basis to conclude that the company took quick action to correct the default. The Rule 55(c) motion to vacate is therefore denied.

                                                                                          _____

September 17, 2020                                                                    United States District Judge